IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.H. and E.S., minors, by their parent, MADELIN HERNANDEZ; | : : : | CIVIL ACTION |
| *Plaintiff,* v. | : : : | NO: _____ |
| SALISBURY TOWNSHIP SCHOOL DISTRICT and | : : : : | |
| RANDY ZIEGENFUSS, in his individual capacity. | : : : | |
| *Defendants.* | | |

## COMPLAINT

This lawsuit is filed on behalf of A.H. and E.S., students who qualified as homeless under the McKinney-Vento Homeless Assistance Act, 42 U.S.C. §§ 11431-11435, at all times pertinent to this matter. Under the McKinney-Vento Act, students like A.H. and E.S., who are sharing the housing of others because of a loss of housing, were entitled to immediate enrollment in the district where they were enrolled at the time they became homeless. They were also entitled to equal access to the full range of educational opportunities provided to students who reside in that district of origin. But Defendant Salisbury Township School District denied A.H. and E.S. equal access to its public schools. It refused to comply with its statutory obligation to immediately enroll A.H. and E.S. pending the resolution of the Parties' dispute concerning his enrollment. *See* 42 U.S.C. § 11432(g)(3)(E)(i) ("If a dispute arises over school selection or enrollment in a school . . . the child or youth shall be immediately admitted to the school in which enrollment is sought, pending resolution of the dispute . . . .").

1

Plaintiffs therefore file this Complaint to remedy the loss of education and other harms arising from the District's refusal to admit and educate Plaintiffs.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) because this action arises under the laws of the United States, including 42 U.S.C. §§ 11431-11435 and 42 U.S.C. § 1983.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims set forth herein occurred within the jurisdiction of this Court.

3. There is an actual controversy between the Plaintiff and Defendant within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Pennsylvania Declaratory Judgments Act, 42 Pa. C.S. § 7531-7541.

## PARTIES

5. Plaintiff A.H. is a 10-year-old student of compulsory school age who, at all times relevant to this matter, resided with her mother and brother at doubled-up with her mother, brother E.S., and aunt in the home of her aunt, which is located within the bounds of the District.

6. Plaintiff E.S. is a 15-year-old student of compulsory school age who, at all times relevant to this matter, lived doubled-up with his mother, sister A.H., and aunt in the home of her aunt, which is located within the bounds of the District.

7. Defendant Salisbury Township School District ("Defendant District" or "the District") is a Local Education Agency ("LEA") within the meaning of the McKinney-Vento Act.  In compliance with federal and state laws, the District establishes practices concerning the

enrollment, transportation, and education of children within its district, including children experiencing homelessness and those residing doubled-up in the homes of relatives.

8. Defendant Randy Ziegenfuss was, at all times material to the claims herein, the Superintendent of the District, and was responsible for directing the removal of A.H. and E.S. from the District's rolls and barring them from returning in January and February 2020.

## FACTS

9. In the fall of 2019 and winter of 2020, Plaintiffs lived doubled-up with their aunt within the bounds of Defendant District.

10. In or about November 2019, Defendant District received information that A.H. and E.S. were living with their mother at a location outside of the District.

11. Defendant District, during November and December 2019 and at the direction of Defendant Ziegenfuss, conducted a residency investigation of Plaintiffs.

12. On information and belief, that residency investigation established that A.H. and E.S. lacked a stable home and were living the majority of the time doubled-up with their aunt within the bounds of the District.

13. Despite the residency investigation's conclusion, in January 2020, Defendants declared that A.H. and E.S. were no longer residents of the District and removed A.H. and E.S. from their schools of origin.

14. Plaintiffs demanded immediate re-enrollment in the District.

15. Defendants refused.

16. In February 2020, Plaintiffs, through counsel, demanded Plaintiffs' immediate re-enrollment in the District pursuant to the McKinney-Vento Act. After further delaying their re-

enrollment for a period of days and demanding proof of residency documentation—all in contravention of the McKinney-Vento Act—the District re-enrolled A.H. and E.S. in its schools.

17.  As a result of this exclusion from school, A.H. and E.S. have both suffered personally. They lost 23 days of education just before a global pandemic struck the United States. Both have experienced feelings of alienation, been ostracized by peers, and lost their enthusiasm for their education. Plaintiff A.H. in particular has experienced lasting harms, including depression, anxiety, withdrawal from peers and family, disrupted sleep, disrupted appetite, and feelings of panic. The District's own psychologist has determined that this exclusion from school appears to have caused A.H. emotional harm.

18.  A.H. and E.S. have, in short, experienced exactly the kind of disruption that the McKinney-Vento Act was written to avoid.

19.  Congress enacted the McKinney-Vento Act in 1987 to provide a broad range of assistance to homeless individuals and families. It was significantly amended in 1990. Subtitle VII-B of the McKinney-Vento Act, which is encoded at 42 U.S.C. § 11431-11435, relates to the education of homeless children and youth. Congress reauthorized the McKinney Education of Homeless Children and Youth Program as the McKinney-Vento Homeless Education Assistance Improvements Act in the No Child Left Behind Act, which was signed on 8 January 2002.

20.  The McKinney-Vento Act states that children who "lack a fixed, regular, and adequate nighttime residence" shall be considered homeless and are entitled to the Act's protections. *See* 42 U.S.C. § 11434a(2)(A).

21.  The McKinney-Vento Act expressly includes in that definition of "homeless" children who, like Plaintiffs, "are sharing the housing of other persons due to loss of housing, economic hardship, or a similar reason . . . ." *See* 42 U.S.C. § 11434a(2)(B)(i).

22.     In enacting the McKinney-Vento Act, Congress made available funds for the Commonwealth of Pennsylvania to assist with the education of homeless children.  Those funds are available on the condition that "[e]ach State educational agency shall ensure that each child of a homeless individual and each homeless youth has equal access to the same free, appropriate public education . . . as provided to other children and youths."  42 U.S.C. § 11431(1).

23.     Moreover, under the McKinney-Vento Act, LEAs -- like Defendant -- must ensure that homeless children and youth are (1) advised of their choice in schools, (2) immediately enrolled in their selected school, and (3) promptly provided with necessary services to allow them to exercise their choice of schools.  LEAs (including Defendant District) must also provide families with a written explanation of a school selection or enrollment decision that includes the rights of the family to appeal the decision.  *See* 42 U.S.C. § 11432(e)(3)(E).

24.     The McKinney-Vento Act further provides that a school district shall, according to the child's "best interest," continue a homeless youth's education in the "school of origin" for the duration of the homelessness or, if the child becomes permanently housed, for the remainder of the school year.  42 U.S.C. § 11432(g)(3)(A)(i).

25.     "School of origin" is defined to include "the school that the child or youth attended when permanently housed."  42 U.S.C. § 11432(g)(3)(G).

26.     In addition, the McKinney-Vento Act provides that in determining a youth's "best interest," a district shall, "to the extent feasible," keep a homeless youth in the school of origin, except when doing so is contrary to the wishes of the youth's parent or guardian.  42 U.S.C. § 11432(g)(3)(B)(i).

27. Notably, the Act provides that the youth may remain in the chosen school "for the duration of homelessness," or, in the case of a student who finds permanent housing during the school year, "for the remainder of the academic year." 42 U.S.C. § 11432(g)(3)(A).

28. Finally, as noted above, if there is a dispute about enrollment, the Act provides that the LEA must immediately admit the youth to the school in which his parent or guardian is seeking enrollment pending full resolution of the dispute process. *See* 42 U.S.C. § 11432(g)(3)(E). Plaintiffs hereinafter refer to this as the Act's "pendency requirement."

29. Pursuant to these requirements of the McKinney-Vento Act (among others), Pennsylvania has developed a State Plan, known as Pennsylvania's Education for Children and Youth Experiencing Homelessness Program, Amended October 2013 (hereinafter "State Plan"), which further delineates how LEAs, like Defendant District, must comply with LEA requirements set forth in the Act, including (1) ensuring immediate enrollment, (2) providing written notice of a school's decision, (3) promptly resolving enrollment disputes, and (4) providing enrollment in the school of choice pursuant to the pendency requirement.

30. Pursuant to the State Plan, "[t]he homeless state coordinator is responsible for program coordination and collaboration at the state level, as well as dispute resolutions among LEAs." State Plan at 5, http://www.education.pa.gov/Documents/K-12/Homeless%20Education/ECYEH%20State%20Plan%202013%20FINAL.pdf.

31. As noted above, PDE has also issued guidance to school districts, including Defendant, regarding the requirements of the McKinney-Vento Act, including the process established by the State to advise families of student rights and ensure immediate enrollment. Pursuant to those provisions of the Act and PDE's guidance, the LEA liaison must ensure that

the youth is immediately enrolled, explain the dispute resolution process to families, and help them to use this.  *See* 42 U.S.C. § 11432(g)(3)(E)(iii).

32.     In this case, as set forth above, Defendants removed Plaintiffs from school despite being aware that they were living doubled-up, and therefore homeless.  Defendants then failed to ensure Plaintiffs' immediate re-enrollment.  They also failed to explain the dispute resolution process to Plaintiffs or help them use it.  And Defendants did all of these things willfully and deliberately in disregard of the McKinney-Vento Act and its well-established definition of homelessness.

33.     As a result of Defendants' actions and omissions, A.H. and E.S. were denied the protections and entitlements of the McKinney-Vento Act, including immediate enrollment pursuant to the Act's pendency requirement, and enrollment in their school of origin for the duration of his homelessness.

**COUNT I: VIOLATIONS OF THE MCKINNEY-VENTO ACT AND 42 U.S.C. § 1983**
**(against Defendant District)**

34.     Plaintiffs hereby incorporate each and every allegation in the preceding paragraphs of this Complaint as if set forth in full herein.

35.     Defendant District violated Plaintiffs' rights under the McKinney-Vento Act, 42 U.S.C. §§ 11431-11534, as enforced via 42 U.S.C. § 1983, by:

(a)     Willfully removing Plaintiffs A.H. and E.S. from their schools of origin and refusing to immediately re-enroll them during the dispute regarding their residency, despite being aware that they were residing doubled-up with their aunt;

(b)     Failing to apprise Plaintiffs of their rights under the McKinney-Vento Act, 42 U.S.C. §§ 11432(g)(3)(B)(ii) and 11432(e)(3)(E); and

(c)     Failing to abide by policies and procedures to ensure compliance with the McKinney-Vento Act, and to review and revise policies or practices that may act as barriers to the enrollment or attendance of homeless children in

the District, including ensuring immediate enrollment of students pending the resolution of disputes concerning students' enrollment pursuant to the McKinney-Vento Act.

**WHEREFORE,** Plaintiffs A.H. and E.S. request the following relief:

a. Issuance of a declaratory judgment against Defendant declaring that the District violated the rights of Plaintiffs as set forth in this Complaint.

b. Issuance of an injunction directing Defendant to:

   i. maintain the enrollment of A.H. and E.S. in the District for the duration of their homelessness, and in a manner consistent with the terms of the McKinney-Vento Act, *see* 42 U.S.C. § 11432(g)(3)(B)(i);

   ii. provide A.H. and E.S. with all other procedural and substantive protections of the McKinney-Vento Act;

   iii. cease and desist from illegal enrollment policies and practices, and issue such new District policies and practices to ensure that all students who are situated similarly to A.H. and E.S. have equal opportunities to participate in Defendant's public schools; and

   iv. develop such policies and practices as are necessary to ensure that homeless children and youth and their families, including A.H. and E.S., receive required notice of their rights under the Act, including a written explanation of the basis of any decision to refuse to enroll a student, notice of the right to appeal, a description of the appeal process, and assistance in filing an appeal;

c. Compensatory damages in the amount of $8,625 for Plaintiff A.H.'s loss of education during the 23 days that she was denied a full and free education under Pennsylvania law;

d. Compensatory damages in an amount to be determined at trial for the emotional harms suffered by Plaintiff A.H. as a result of her exclusion from school;

e. The award Plaintiff attorney's fees and costs; and

f. Such other relief as the Court deems appropriate.

### COUNT II: VIOLATIONS OF THE MCKINNEY-VENTO ACT AND 42 U.S.C. § 1983
### (against Defendant Ziegenfuss)

36. Plaintiffs hereby incorporate each and every allegation in the preceding paragraphs of this Complaint as if set forth in full herein.

35. Defendant Ziegenfuss violated Plaintiffs' rights under the McKinney-Vento Act, 42 U.S.C. §§ 11431-11534, as enforced via 42 U.S.C. § 1983, by:

    (a)    Willfully directing the District to remove Plaintiffs A.H. and E.S. from their schools of origin and refusing to immediately re-enroll them during the dispute regarding their residency, despite being aware that they were residing doubled-up with their aunt;

    (b)    Directing the District to withhold from Plaintiffs information regarding their rights under the McKinney-Vento Act, 42 U.S.C. §§ 11432(g)(3)(B)(ii) and 11432(e)(3)(E); and

    (c)    Acting in willful defiance of the McKinney-Vento Act and its well-established definition of homelessness, and the District's own policies and procedures that ensure compliance therewith.

**WHEREFORE,** Plaintiffs A.H. and E.S. request the following relief:

1. Compensatory damages in the amount of $8,625 for Plaintiff A.H.'s loss of education during the 23 days that she was denied a full and free education under Pennsylvania law;

2. Compensatory damages in an amount to be determined at trial for the emotional harms suffered by Plaintiff A.H. as a result of her exclusion from school;

3. An award of punitive damages in an amount to be determined at trial;

4. The award Plaintiff attorney's fees and costs; and

5. Such other relief as the Court deems appropriate.

                                    Respectfully submitted,

                                    */s/ Michael D. Raffaele*

                                    Michael D. Raffaele (PA ID 91615)
                                    Raffaele & Associates, LLC
                                    1230 County Line Road
                                    Bryn Mawr, PA 19010
                                    T: (610) 922-4200
                                    F: (610) 646-0888
                                    Michael@MyKidsLawyer.com

                                    *Counsel for Plaintiffs*